AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Case No. 5:17-mj-383 (TWD) |
| SHACAREY M. JAMES | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of May 26, 2017 in the counties of Oneida and Madison in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1344(2) | Bank Fraud |
| 18 U.S.C. Section 1344(2) | Bank Fraud |

This criminal complaint is based on these facts:
See Attached affidavit of FBI Special Agent Brandon Mercer, incorporated herein by reference.

☒ Continued on the attached sheet.

*Complainant's signature*

Brandon Mercer, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/29/2017

*Judge's signature*

City and State: Syracuse, NY

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brandon Mercer, being duly sworn, depose and state:

## I. INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been so employed by the FBI since July 2011. I am currently assigned to the Syracuse Resident Agency in Syracuse, New York ("FBI Syracuse"), which is part of the Albany Division, Albany, New York. I am currently assigned to a criminal squad, which specializes in investigating violent crimes, financial crimes, and dismantling criminal enterprises and drug trafficking organizations. During my time as a special agent, I have participated in numerous complex investigations and I have been the affiant on numerous warrants. Prior to my employment with the FBI, I served in the United States Marine Corps and worked as a human resources professional following my enlistment.

2. The statements contained in this affidavit are based on my personal observations, my training and experience, and information provided to me by other law enforcement officers involved in this investigation. Because this affidavit is being submitted for the limited purpose of seeking a criminal complaint, I have not included each and every fact known to me concerning this investigation.

3. This affidavit is made in support of a criminal complaint charging Shacarey M. James ("JAMES") with two violations of Title 18, United States Code, Section 1344(2), Bank Fraud.

## II. BACKGROUND OF CHARGED OFFENSE

4. On May 26, 2017, JAMES presented a check to a cashier at the Turning Stone Casino located at 5218 Patrick Road, Verona, New York. The check was a payroll check from MAXIM Healthcare Services, Inc., in the amount of $1,408.66, and drawn on the Bank of America, a financial institution then insured by the Federal Deposit Insurance Corporation. The cashier took the check uttered by JAMES and gave JAMES $1,408.66 in return. Following the transaction, Turning Stone Casino sent the check to Key Bank for deposit. Key Bank is also a financial institution, then insured by the Federal Deposit Insurance Corporation. The check was returned to Turning Stone Casino as Key Bank determined the check to be fraudulent; that is, MAXIM Healthcare Services, Inc, did not issue the check to JAMES.

5. On May 26, 2017, JAMES presented another fraudulent MAXIM Healthcare Services, Inc., payroll check to a cashier at the Yellow Brick Road Casino located at 800 West Genesee Street, Chittenango, New York. The check was in the amount of $2,111.45, and drawn on the Bank of America, a financial institution then insured by the Federal Deposit Insurance Corporation. The cashier took the check uttered by JAMES and gave JAMES $2,111.45 in return. Following the transaction, the Yellow Brick Road casino sent the check to Key Bank for deposit. Key Bank is also a financial institution, then insured by the Federal Deposit Insurance Corporation. The check was returned to the Yellow Brick Road Casino as Key Bank determined the check to be fraudulent; that is, MAXIM Healthcare Services, Inc, did not issue the check to JAMES.

6. On June 2, 2017, the Chief Financial Officer of MAXIM Healthcare Services, Inc., verified that several checks that appeared to be issued by MAXIM Healthcare Services, Inc., and were recently cashed at both the Yellow Brick Road Casino and the Turning Stone Casino were fraudulent, including the checks cashed by JAMES.

7. On June 22, 2017, JAMES was interviewed and she admitted that presented and cashed the two fraudulent payroll checks. JAMES stated that she did so because a guy offered her money to cash the checks. JAMES stated she was given $600 for cashing the $1408.66 check, and $700-$800 for cashing the $2,111.45 check.

8. Based upon the foregoing information, there is probable cause to conclude that Shacarey M. JAMES knowingly committed the offense of Bank Fraud, in violation of Title 18, United States Code, Section 1344(2).

_____
Brandon Mercer
Special Agent
Federal Bureau of Investigation

Sworn to me
This 29th day of August 2017

_____
Hon. Thérèse Wiley Dancks
United States Magistrate Judge